United States District Court
for the
Southern District of Florida

| AquaDry Plus Corp., Plaintiff, | ) |
|---|---|
| | ) |
| v. | ) |
| | ) Civil Action No. 19-62331-Civ-Scola |
| | ) |
| Rockhill Insurance Company, | ) |
| Defendant. | ) |

## Order Granting Motion to Dismiss Count II and Motion to Strike Request for Attorney's Fees

Plaintiff AquaDry Plus Corp., as an assignee, alleges that Defendant Rockhill Insurance Company breached an insurance contract by failing to cover the costs of its emergency mitigation-of-damages services pursuant to an insurance policy between an assignor-homeowner and Rockhill. Before the Court is Rockhill's motion to dismiss Count II of AquaDry's second amended complaint for declaratory judgment and Rockhill's motion to strike AquaDry's request for attorney's fees. (Def.'s Mot. to Dismiss, ECF No. 23.) AquaDry filed a response in opposition (ECF No. 28) and Rockhill did not reply. For the reasons discussed below, this Court **grants** Rockhill's combined motions to dismiss Count II of the second amended complaint and strike AquaDry's request for attorney's fees. (**ECF No. 23**.)

### 1. Factual and Procedural Background

Nonparty-Waterway at Hollywood Beach Condominium ("Homeowner") owns a property in Hollywood, Florida and maintains a homeowner's insurance policy on the property through Rockhill. (Am. Compl. ¶¶ 2, 7-8, ECF No. 21.) On or about September 10, 2017, the Homeowner's property suffered damage and the Homeowner retained AquaDry to provide "emergency water extraction, cleaning and/or restoration services." (*Id.* ¶¶ 7, 18.) AquaDry provided the services sought by the Homeowner and, in exchange for said services, the Homeowner assigned the benefits of the insurance policy to AquaDry. (*Id.* ¶9.) Specifically, the Homeowner authorized AquaDry to bill Rockhill for its services rendered and directed Rockhill to pay AquaDry for its services. (*Id.* ¶20) AquaDry submitted an invoice to Rockhill in the amount of $308,995.78 for services rendered and sought reimbursement from Rockhill for same. (*Id.* ¶23.)

AquaDry argues that the insurance policy provides coverage for certain actions taken by the Homeowner to protect the property and mitigate damages

following a loss. (*Id.* ¶15.) AquaDry claims that Rockhill is in breach of the insurance contract because Rockhill has failed to cover the costs of mitigating the damage to the property. (*Id.* ¶26.) AquaDry filed a complaint against Rockhill in state court on July 10, 2019. (Def.'s Not. of Removal, ECF No. 1.) That complaint was amended on August 15, 2019 and on September 18, 2019 the state court action was removed by Rockhill to federal court on the basis of diversity jurisdiction. (ECF No. 1.)

On December 23, 2019, AquaDry filed its second amended complaint against Rockhill for breach of contract and a declaratory judgment. (ECF No. 21.) On January 6, 2020, Rockhill moved to dismiss Count II and moved to strike one of AquaDry's requests for attorney's fees. (ECF No. 23.)

## 2. Legal Standard

### A. Declaratory Judgment

Federal courts have discretion in deciding whether to allow a declaratory action to proceed. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."). The Supreme Court has held that "[t]he Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). "The declaratory judgment is an all-purpose remedy designed to permit an adjudication whenever the court has jurisdiction, there is an actual case or controversy and an adjudication would serve a useful purpose." *Allstate Ins. Co. v. Employers Liab. Assur. Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971).[1] The Declaratory Judgment Act "permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty." *See* 10B C. Wright & A. Miller, Federal Practice & Procedure, Civil 3d § 2751 (2004). "[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." *McIntosh v. Harbour Club Villas*, 468 So. 2d

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. *See Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

1075, 1080-81 (Fla. 3d Dist. Ct. App. 1985) (Nesbitt, J. concurring); *see also Taylor v. Cooper*, 60 So. 2d 534, 535-36 (Fla. 1952).

AquaDry urges the Court to assess the adequacy of the declaratory judgment count according to Florida Statute § 86.101, the state's version of the Federal Declaratory Judgment Act. (Pl.'s Resp. 3, ECF No. 28.) Although the statute provides that it is substantive law (Fla. Stat. § 86.101), it is a procedural mechanism that confers subject matter jurisdiction on Florida state courts. *Nirvana Condo. Ass'n, Inc., v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336, 1343 n.1 (S.D. Fla. 2008) (Graham, J.); *see also Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 881 (11th Cir. 2016) ("[T]he Florida Declaratory Judgment Act is procedural as opposed to substantive."). As a practical matter, the elements required under the federal or state declaratory-judgment acts are not materially different. *Compare Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1346 (11th Cir. 1999), *with Floyd v. Guardian Life Ins. Co.*, 415 So.2d 103, 104 (Fla. 3d Dist. Ct. App. 1982).

### 3. Analysis

#### A. AquaDry's declaratory judgment claim is duplicative of its breach of contract claim.

Rockhill argues that AquaDry's claim for declaratory relief should be dismissed as duplicative of the breach of contract claim. (ECF No. 23 at 2.) Declaratory judgment claims may coexist with breach of contract claims when they provide the plaintiff a form of relief unavailable under the breach of contract claim. *See Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Sols., Inc.*, 744 F. Supp. 2d 1305, 1310 (S.D. Fla. 2010) (Altonaga, J.). Although, as AquaDry argues, claims may be plead in the alternative under Rule 8(d) of the Federal Rules of Civil Procedure, neither defendants nor courts are obligated to contend with duplicative declaratory judgment claims. *See Id.* ("[T]wo concerns dominate decisions to dismiss a declaratory relief claim pleaded with a breach of contract claim: the completeness of the relief afforded to a party when it prevails on its breach of contract claim and judicial economy."). If the determination of AquaDry's breach of contract claim involves the same factual dispute as the declaratory judgment claim, then the "Plaintiff will be able to secure full, adequate and complete relief through the breach of contract claim" and consequently "the declaratory action must be dismissed." *Berkower v. USAA Cas. Ins. Co.*, No. 15-23947-Civ, 2016 WL 4574919, at *5 (S.D. Fla. Sep. 1, 2016) (Goodman, Mag. J.) (quoting *Fernando Grinberg Trust Success Int'l Props., LLC v. Scottsdale Ins. Co.*, No. 10-20448-Civ, 2010 WL 2510662, at *1-2 (S.D. Fla. June 21, 2010) (Cooke, J.)).

Count I of AquaDry's second amended complaint, alleging breach of contract, requests payment under the insurance policy for services that were rendered and invoiced in connection with a purported loss from September 2017. (ECF No. 21 at ¶¶ 29-43.) In Count II, AquaDry seeks, in sum, a declaration that (a) the invoiced services are reasonable and covered by the policy; (b) AquaDry is entitled to a reasonable amount of money under the policy; (c) AquaDry complied with all conditions precedent; and (d) the policy is ambiguous when applied to the loss.

AquaDry's breach of contract claim involves the same factual dispute as the declaratory judgment claim: specifically, the extent to which the property damage is covered by the insurance policy, AquaDry's entitlement to payment, and its compliance with conditions precedent. AquaDry's additional assertion that the policy is ambiguous is merely a repackaged version of the breach of contract claim. AquaDry argues that it "has shown that the Policy is ambiguous" by alleging that "Defendant believes that the Plaintiff is not entitled to proceeds under the" policy while "Plaintiff believes that the Plaintiff is entitled to seek full payment." (ECF No. 28 at 10 (citing Am. Compl. at ¶¶ 46-47, ECF No. 21).) A petition for a declaration that one party's reading of a contract establishes breach "is nothing more than a petition claiming breach of contract." *Eisenberg v. Standard Ins. Co.*, No. 09-80199-Civ, 2009 WL 3667086, *2 (S.D. Fla. Oct. 26, 2009) (Marra, J.).

AquaDry's reliance on *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. of DC*, No. 11-61577-Civ, 2011 WL 3843931 (S.D. Fla. Aug. 26, 2011) (Altonaga, J.), is misplaced. In allowing breach of contract and declaratory judgment claims to proceed in tandem, *Ocean's 11* underscored that "Plaintiff seeks different relief under each claim." *Id.* at *4. *Ocean's 11* addressed a breach of contract count for claims that were ripe and a declaratory judgment count in anticipation of potential claims that were expected to ripen in the future. *Id.* AquaDry's complaint is based on Rockhill's alleged failure to pay an invoice for services that were rendered in the past. "[C]laims for declaratory judgment must look forward, rather than backward, as any retrospective declaratory judgment would be equally solved by resolution of the breach of contract claim." *550 Seabreeze Dev., LLC v. Illinois Union Ins. Co.*, No. 19-24611-Civ, 2020 WL 473610, at *2 (S.D. Fla. Jan. 29, 2020) (Scola, J.) (citing *Kenneth F. Hackett & Assocs., Inc.*, 744 F. Supp. 2d 1305, 1311).

Count II ultimately seeks a declaration that AquaDry's reading of the insurance policy is correct and that it is entitled to recovery for its services rendered. The determination of AquaDry's breach of contract claim will resolve this dispute and allow AquaDry to secure complete relief. Accordingly, the Court grants Rockhill's motion to dismiss Count II.

### B. Attorney's fees.

The Court grants Rockhill's motion to strike AquaDry's claim for attorney's fees under section 627.428, Florida Statutes (2019). (ECF No. 23 at 4-5.) AquaDry's second amended complaint seeks an award of reasonable attorney's fees pursuant to sections 627.428 and/or 626.9373, Florida Statutes (2019). (*See, e.g.,* ECF No. 21 at ¶43.) Rockhill argues that AquaDry's claim for attorney's fees under section 627.428 should be stricken as that section "is not applicable to Rockhill Insurance Company, because it is a surplus lines carrier." (ECF No. 23 at ¶14.)

As an initial matter, AquaDry's purported "Response and Memorandum of Law in Opposition to [Rockhill's Motion to Dismiss Count II] and Incorporated Motion to Strike Request for Attorney's Fees Under Inapplicable Statute" is silent as to the motion to strike the request for attorney's fees. AquaDry's failure to respond to Rockhill's motion to strike "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c)(1). Further, the Court agrees that section 627.428 is inapplicable based on Rockhill's status a surplus lines carrier. *See* § 626.913, Fla. Stat. (2019); *see also Rodriguez v. Geovera Specialty Ins. Co.*, No. 19-21173-CIV, 2019 WL 7956168, at *2 (S.D. Fla. June 20, 2019) (Moreno, J.).

### 4. Conclusion

Based on the foregoing, the Court **grants** Defendant Rockhill's motion to dismiss Count II and strike Plaintiff AquaDry's request for attorney's fees. (**ECF No. 23**.) The Court grants AquaDry's request for leave to amend the complaint. AquaDry may amend the complaint no later than **March 20, 2020**.

**Done and ordered** at Miami, Florida, on **February 26, 2020**.

_____
Robert N. Scola, Jr.
United States District Judge